UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
LEONARD J. STRANDBERG AND
ASSOCIATES, CONSULTING
ENGINEERS AND LAND SURVEYORS, P.C.,

                        Plaintiff,

        - against-

MISAN CONSTRUCTION CORP., MISAN
ELECTRIC CORP., MICHAEL MINIERO,
individually, and ERIC DALY, individually,

                        Defendants.
--------------------------------------------------------X
FEUERSTEIN, J.

**OPINION AND ORDER**
**08 CV 2939 (SJF)(ETB)**

       On July 18, 2008, plaintiff Leonard J. Strandberg and Associates, Consulting Engineers and Land Surveyors, P.C. ("plaintiff") filed a complaint against defendants Misan Construction Corp. and Misan Electric Corp. (collectively, "Misan"), Michael Miniero ("Miniero") and Eric Daly ("Daly") pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332, asserting state law claims seeking damages for breach of contract, professional negligence, fraud, theft and conspiracy. Daly now moves, *inter alia*, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure to set aside the Clerk's entry of default against him and pursuant to Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure to dismiss the complaint for lack of subject matter jurisdiction. Plaintiff cross-moves pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to amend the complaint. For the reasons stated herein, Daly's motion is granted and plaintiff's cross motion is denied.

I.      Background

    A.      Factual Allegations

Plaintiff is a New York professional corporation with its principal place of business

located in Freeport, New York. (Complaint [Compl.], ¶ 1; Declaration of Neil Flynn, Esq.

[Flynn Decl.], Exs. D and E).

    At all relevant times, Misan was a New York corporation with is principal place of

business located in Garden City, New York, (Compl., ¶¶ 2, 4; Flynn Decl., Ex. F); Miniero was a

New York resident, (Compl., ¶ 3); and Daly was a resident of Florida, (Compl., ¶ 5). Miniero

was the owner of Misan and Daly, according to plaintiff, was the vice president of Misan.

(Compl., ¶¶ 4-5). Misan was dissolved by proclamation or annulment of authority on January 28,

2009. (Flynn Decl., Ex. F).

    Plaintiff alleges that on or about March 9, 2005, it[1] entered into a contract with Misan,

which was allegedly executed by Daly, as vice president of Misan[2] (see Flynn Decl., Ex. B),

---

[1] Plaintiff's name is actually crossed out on the contract and replaced with "32 Smith Street
Corp" and Neil A. Strandberg signed the contract "for 32 Smith Street Corporation." (Flynn
Decl., Ex. B). Plaintiff admits that the contract was "modified" on March 16, 2009 to "add" 32
Smith Street as a party thereto "since that corporation was the owner of the building where the
work was being performed." (Affirmation of Nicholas J. Massimo, Esq. [Massimo Aff.], p. 5 n.
1). 32 Smith Street Corp. is a New York corporation with its principal place of business in
Freeport, New York. (Flynn Decl., Ex. G).

[2] Although Daly admits to being "associated with" Misan between 2002 and May 2005, he
denies ever being an officer of Misan or signing the Smith Street contract. (Declaration of Eric
Daly [Daly Decl.], ¶¶ 2-3). Nonetheless, Daly also contends that at all times during his dealings
with representatives of plaintiff, he "was acting on behalf of Misan Construction Corp." or as an
agent for Misan, and not in an individual capacity. (Id., at ¶ 4; Daly's Statement of Material
Facts [Daly Stat.], ¶ 8). Daly also admits that he oversaw at least some of the work performed on
the Smith Street building, (Daly Decl., ¶ 6), and that he has "extensive knowledge of the
construction project in question," which he alleges was completed properly and "for less than the
market rate," (id. at ¶ 8).

2

pursuant to which Misan agreed to "construct, repair, refurbish and provide all materials, tools equipment and labor for renovation of Plaintiff's building located at: 32 Smith Street, Freeport, New York" ("the Smith Street contract") in consideration for payment in the total amount of four hundred ninety-six thousand four hundred thirty dollars ($496,430.00). (Compl., ¶¶ 7, 9, 18, 27, 39; Flynn Decl., Ex. B). The contract called for "all work" to be completed by June 15, 2005 ("the completion date"). (Compl., ¶¶ 7, 9, 18, 27, 39; Flynn Decl., Ex. B). According to plaintiff, it performed all of its obligations under the Smith Street contract and made initial payments to Misan in the total amount of approximately one hundred twenty-five thousand dollars ($125,000.00), in two installments of seventy-five thousand dollars ($75,000.00) and fifty thousand dollars ($50,000.00), respectively, in consideration for the work to be performed by Misan. (Compl., ¶¶ 8, 10, 19, 28, 39; Flynn Decl., Ex. H).

Plaintiff alleges that Misan breached the Smith Street contract insofar as, *inter alia*, Misan did not complete its work by June 15, 2005, i.e., no interior wall had been installed, there were no electrical outputs in any of the office spaces, and a new floor had not been installed as of the completion date; and the work that had been performed was done negligently, i.e., the windows installed by Misan had to be replaced. (Compl., ¶¶ 11, 20, 29, 39).

Plaintiff alleges that in or about July 2005, Miniero introduced himself to plaintiff as the owner of Misan and told plaintiff that Daly had "walked off" with the one hundred twenty-five thousand dollars ($125,000.00) plaintiff had previously paid Misan.[3] (Compl., ¶¶ 12, 21, 39). According to plaintiff, Miniero promised that he would complete the Smith Street project, but only if plaintiff paid him additional funds. (Compl., ¶¶ 12, 21, 39). According to plaintiff, on or

---

[3] Daly denies ever "coming into possession of any of Plaintiff's money." (Daly Decl., ¶ 5).

about August 26, 2005, it paid additional funds to Miniero, in the amount of fifty-one thousand four hundred thirty dollars ($51,430.00), because it was "under duress," i.e., its old office had been sold so plaintiff was forced to move into the Smith Street office by January 2006, notwithstanding the lack of lighting in the new office space. (Compl., ¶¶ 12, 14, 39). In addition, plaintiff paid the subsequent invoices Misan sent it each week for their laborers and paid additional money for various materials. (Compl., ¶¶ 14-15). According to plaintiff, it paid Misan approximately two hundred thousand dollars ($200,000.00) in excess of the Smith Street contract amount. (Compl., ¶¶ 15, 23, 34, 39).

Plaintiff alleges that despite the additional payments, Misan "performed work improperly, incorrectly, and unfinished; * * * did not supply material of new and/or of first class quality; [and] did [not] supply skilled labor to complete renovations in accordance with the [Smith Street] contract." (Compl., ¶ 13). For example, according to plaintiff, as of January 2006, Misan had not performed any work to the outside of the Smith Street building and had not installed various light fixtures. (Compl., ¶ 15). Plaintiff further alleges that as a result of Misan's breach of the Smith Street contract, it was required to hire other subcontractors to redo Misan's work. (Compl., ¶¶ 15, 34).

      B.     Procedural History

On July 18, 2008, plaintiff filed a complaint against Misan, Miniero and Daly pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332, asserting state law claims seeking damages for breach of contract and professional negligence (first cause of action), fraud (second and third causes of action, with respect to Daly and Miniero, respectively) and theft and

4

conspiracy (fourth cause of action).  Misan and Miniero have failed to appear in the action to date, despite being served with the summons and complaint on July 31, 2008 and August 9, 2008, respectively, as a result of which plaintiff's motion for a default judgment against those defendants was granted and plaintiff was directed to submit a proposed judgment as against those defendants.[4]  (Flynn Decl., Ex. I).  In addition, Daly failed to timely appear in this action and answer the complaint, as a result of which the Clerk of the Court entered a certificate of default against him on April 15, 2009.  However, Daly subsequently filed a notice of appearance in this action and filed an answer to the complaint and I have not, to date, granted a default judgment against him.

Daly now moves, *inter alia*, pursuant to: (1) Rule 55(c) of the Federal Rules of Civil Procedure to set aside the Clerk's entry of default against him; and (2) Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure to dismiss the complaint for lack of subject matter jurisdiction.  Plaintiff cross-moves pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to amend the complaint to assert a federal claim pursuant to the Racketeer Influences and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c).

II.    DISCUSSION

A.    Subject Matter Jurisdiction

---

[4]  Plaintiff's original proposed judgment was rejected by the Court and plaintiff has failed to file a new proposed judgment, presumably because of the pending motion practice.  Thus, although I granted plaintiff's motion for a default judgment against Misan and Miniero, a default judgment has not been entered to date as against those defendants.  However, for ease of reference, I will refer to the grant of plaintiff's motion for a default judgment as against Misan and Miniero as the entry of a default judgment against those defendants.

5

1.      Standard of Review

Where subject matter jurisdiction is lacking, "dismissal is mandatory." <u>Mehlenbacher v. Akzo Nobel Salt, Inc.,</u> 216 F.3d 291, 295 (2d Cir. 2000) (quoting<u>United Food and Commercial Workers Union Local 919 v. CenterMark Properties Meriden Square, Inc,</u> 30 F.3d 298, 301 (2d Cir. 1994); <u>Manway Const. Co., Inc. v. Housing Authority of City of Hartford,</u> 711 F.2d 501, 503 (2d Cir. 1983). "In determining whether the federal courts have subject matter jurisdiction over a cause of action, a district court must look to the way the complaint is drawn to see if it claims a right to recover under the laws of the United States." <u>IUE AFL-CIO Pension Fund v. Herrmann,</u> 9 F.3d 1049, 1055 (2d Cir.1993) (quoting <u>Goldman v. Gallant Securities, Inc.,</u> 878 F.2d 71, 73 [2d Cir.1989]). In considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), a court must accept as true all material factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. <u>See</u> <u>Morrison v. National Australia Bank Ltd.,</u> 547 F.3d 167, 170 (2d Cir. 2008); <u>Natural Resources Defense Council v. Johnson,</u> 461 F.3d 164, 171 (2d Cir. 2006). However, when deciding a jurisdictional motion, district courts may look beyond the allegations of the complaint and "examine evidence outside of the pleadings." <u>Hamm v. U.S.,</u> 483 F.3d 135, 137 (2d Cir. 2007); <u>see also</u> <u>Morrison,</u> 547 F.3d at 170. The plaintiff has the burden of establishing by a preponderance of the evidence that subject matter jurisdiction exists. <u>Morrison,</u> 547 F.3d at 170; <u>Hamm,</u> 483 F.3d at 137.

2.      Diversity Jurisdiction

"[T]he jurisdiction of the court depends upon the state of things at the time of the action brought." <u>Grupo Dataflux v. Atlas Global Group, L.P.,</u> 541 U.S. 567, 570, 124 S.Ct. 1920, 158

6

L.Ed.2d 866 (2004) (quoting <u>Mollan v. Torrance</u>, 9 Wheat. 537, 539, 6 L.Ed. 154 (1824)); <u>see</u> <u>also</u> <u>Newman-Green, Inc. v. Alfonzo-Larrain</u>, 490 U.S. 826, 830, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989). This "time-of-filing" rule "measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing [of the complaint]- whether the challenge [to jurisdiction] be brought shortly after filing, after the trial, or even for the first time on appeal." <u>Grupo</u>, 541 U.S. at 570-571, 124 S.Ct. 1920; <u>see also</u> <u>Herrick Co., Inc. v. SCS Communications, Inc.</u>, 251 F.3d 315, 329 (2d Cir. 2001) ("The existence of federal jurisdiction over a case initially filed in federal court ordinarily depends on the facts as they stood when the complaint was filed.") Since jurisdiction is measured as of the time the complaint was filed, events occurring subsequently, such as the default of Misan and Miniero in appearing in this action, are irrelevant to a determination of subject matter jurisdiction.

"[D]iversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships." <u>Herrick Co.</u>, 251 F.3d at 322. "[I]t is well established that the party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." <u>Id.</u> at 322-323; <u>see also</u> <u>Advani Enterprises, Inc. v. Underwriters at Lloyds</u>, 140 F.3d 157, 160 (2d Cir. 1998).

"An individual's citizenship * * * is determined by his domicile. * * * Domicile is the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." <u>Palazzo ex rel. Delmage v. Corio</u>, 232 F.3d 38, 42 (2d Cir. 2000). Thus, it is clear that, for purposes of diversity jurisdiction, Miniero is a citizen of New York and Daly is a citizen of Florida.

7

A corporation, however, is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business * * *." 28 U.S.C. § 1332(c)(1); see also Advani, 140 F.3d at 161. "[T]he principal place of business prong does not replace the citizenship of the state of incorporation; it merely adds another state of citizenship-*either* of which could destroy diversity." Grunblatt v. UnumProvident Corp., 270 F.Supp.2d 347, 351 (E.D.N.Y. 2003) (emphasis in original); see also IGY Ocean Bay Properties, Ltd. v. Ocean Bay Properties I Ltd., 534 F.Supp.2d 446, 448 (S.D.N.Y. 2008) (holding that for diversity purposes, a corporation is deemed to be a citizen *both* of the state in which it has its principal place of business and of any state in which it is incorporated). Accordingly, in order for there to be complete diversity of citizenship, the corporate defendant cannot be incorporated, nor have its principal place of business, in the same state in which the plaintiff is a citizen at the time the action is filed. Drake v. Laboratory Corp. of America Holdings, 323 F.Supp.2d 449, 451 (E.D.N.Y. 2004); see also IGY, 534 F.Supp.2d at 449 (holding that "[t]here is no warrant for the Court, no more than there is for either side of the parties, to pick and choose and to look solely at the principal place of business or solely at the state of incorporation to determine that diversity exists.") Since plaintiff's and Misan's places of incorporation and principal places of business are both in New York, plaintiff and Misan are both citizens of New York for purposes of diversity jurisdiction.

In sum, with the exception of Daly, all of the parties herein are citizens of New York for purposes of diversity jurisdiction. Therefore, there is no diversity jurisdiction under Section 1332 and this Court, thus, lacks subject matter jurisdiction over this action *ab initio*. See, e.g. Herrick Co., 251 F.3d at 329 (holding that, generally, federal jurisdiction over a case would be

8

invalid *ab initio* if the plaintiff fails to demonstrate that complete diversity existed at the time it filed its initial complaint).

Two (2) exceptions exist to the "time-of-filing" rule, which "allow federal courts, under certain circumstances to cure defects of federal jurisdiction." Herrick Co., 251 F.3d at 329; see also Newman-Green, 490 U.S. at 830, 109 S.Ct. 2218. The first exception allows a plaintiff to cure a jurisdictional defect in his complaint "by establishing *ex post* the original existence of the required jurisdictional facts." Herrick Co., 251 F.3d at 329. The second exception allows the court to dismiss "jurisdictional spoilers, *nunc pro tunc*, pursuant to Fed. R. Civ. P. 21." Id.

     a.     Amendment of Complaint

The Second Circuit has found the first exception to the "time-of-filing" rule to be available only to cure defects in a plaintiff's pleading of jurisdictional facts; not in circumstances where, as here, the facts clearly show that complete diversity did not actually exist at the time the complaint was filed. See, e.g. Herrick Co., 251 F.3d at 329 ("[W]here the facts necessary to the establishment of diversity jurisdiction are subsequently determined to have obtained [sic] all along, a federal court may simply allow a complaint to be amended to assert those necessary facts and then treat diversity jurisdiction as having existed from the beginning. But no such amendment is possible when the underlying facts (and not merely the pleadings) are inadequate to support federal jurisdiction.")

28 U.S.C. § 1653 which is, in essence, a codification of the first exception, provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." "[S]ection 1653 should be construed liberally to permit the action to be maintained if it is at all

9

possible to determine from the record that jurisdiction does in fact exist."[5] Advani, 140 F.3d at 161 (internal quotations and citations omitted).  Nonetheless, Section 1632 "does not allow a plaintiff to amend its complaint to substitute a new cause of action over which there is subject-matter jurisdiction for one in which there is not." Id. (allowing the plaintiff to amend its complaint to assert the admiralty jurisdiction of the Court, in lieu of its diversity jurisdiction, even though the amendment asserted a new theory of subject-matter jurisdiction, because the admiralty jurisdiction was apparent from the face of the complaint and both the pleadings and judicial economy supported the amendment); Pressroom Unions-Printers League Income Security Fund v. Continental Assurance Co., 700 F.2d 889, 893 (2d Cir. 1983) (holding that Section 1653 should not be read to "create jurisdiction retroactively where none existed.").  "Section 1653 allows amendment only of defective allegations of jurisdiction; it does not provide a remedy for defective jurisdiction itself." Pressroom, 700 F.2d at 893 (emphasis, internal quotations and citation omitted); see also Newman-Green, 490 U.S. at 831, 109 S.Ct. 2218 (holding that Section 1653 "addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves."); Falise v. American Tobacco Co., 241 B.R. 63, 65 (E.D.N.Y. 1999), appeal dismissed, 229 F.3d 1135 (2d Cir. 2000) ("Courts can remedy *inadequate jurisdictional allegations*, but not *defective jurisdictional facts*." (Emphasis in original) (internal quotations and citation omitted)).

Here, plaintiff only asserts state law causes of action in its original complaint, over which

---

[5] Section 1653 is to be read together with Rule 15(a)(2) of the Federal Rules of Civil Procedure, which provides, in relevant part, that a court should freely grant leave to amend a pleading "when justice so requires."

this Court lacks subject matter jurisdiction.[6] Although plaintiff now seeks leave to amend the complaint to assert a federal RICO claim pursuant to 18 U.S.C. § 1962(c), based upon predicate acts of bank fraud under 18 U.S.C. § 1344, thereby invoking this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331 rather than its diversity jurisdiction, that cause of action is a new cause of action that is not apparent from the facts alleged in the original complaint. Thus, any such amendment is not proper under Section 1632. See, e.g. Falise, 241 B.R. at 67 (denying the plaintiffs' motion to amend the original complaint, which asserted only state law claims over which the court lacked jurisdiction, to assert a federal RICO claim on the basis that the amendment did not seek to remedy a technical defect in their original jurisdictional allegations; but rather sought "to create an entirely new jurisdictional basis to provide competence in a court which lacked authority over the case *ab initio*."); Broad v. DKP Corp., No. 97 Civ. 2029, 1998 WL 516113 (S.D.N.Y. Aug. 19, 1998), aff'd, 182 F.3d 898 (2d Cir. 1999) (denying the plaintiffs' motion to amend the original complaint, which asserted only state law claims sounding in fraud over which the court lacked diversity jurisdiction, to assert a federal RICO claim on the basis that the plaintiffs improperly sought to substitute an entirely new cause of action and new basis of jurisdiction). Accordingly, plaintiff's cross motion seeking leave to amend the complaint is denied.

---

[6] I reject plaintiff's contention that "the complaint can be read to sustain a [RICO] claim" against defendants. (Massimo Aff., ¶ 6). Even assuming, without deciding, that plaintiff has RICO standing to assert such a claim, a RICO claim is not apparent from the facts alleged in the complaint. For example, nowhere in plaintiff's complaint does it allege that Misan was a defunct corporation, (see Massimo Aff., ¶ 7), nor are there any facts indicating that Misan was otherwise an "enterprise" or that defendants engaged in a "pattern of racketeering activity" within the meaning of RICO. In addition, although plaintiff asserts independent claims for fraud against Miniero and Daly, the complaint does not allege a fraudulent scheme committed by those defendants, (see id.), nor a pattern of continued illegality, rather than just a single fraud on a single individual, as required by RICO. These are but just a few examples of the deficiencies in plaintiff's contention that the complaint can be read to state a RICO claim.

11

b.    Rule 21

Based upon the foregoing, this Court's subject matter jurisdiction over this action can be salvaged only if Misan and Miniero, the non-diverse defendants, are dismissed, *nunc pro tunc*, pursuant to Rule 21 of the Federal Rules of Civil Procedure.

Rule 21 provides, in pertinent part, that "the court may at any time, on just terms, add or drop a party." The Supreme Court has interpreted Rule 21 to allow a federal court to preserve diversity jurisdiction by removing a dispensable non-diverse party from a suit. <u>Newman-Green</u>, 490 U.S. 826, 832-833, 109 S.Ct. 2218. Nonetheless, courts should not dismiss a dispensable non-diverse party from a suit where such dismissal would prejudice any other party in the litigation, such as, for example, where the presence of the non-diverse party produces a tactical advantage for another party. <u>Newman-Green</u>, 490 U.S. at 838, 109 S.Ct. 2218. Moreover, Rule 21 clearly does not permit the removal of parties deemed indispensable pursuant to Rule 19(b) of the Federal Rules of Civil Procedure. <u>See, e.g.</u> <u>Klein v. Marriott International, Inc</u>, 34 F.Supp.2d 176, 179 (S.D.N.Y. 1999).

Rule 19(a)(1) of the Federal Rules of Civil Procedure provides as follows:

> "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

Rule 19(b) provides as follows:

> "If a person who is required to be joined [under Rule 19(a)(1)] cannot be joined, the

12

court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder."

The basis for this action is the Smith Street contract between plaintiff (or 32 Smith Street Corp.) and Misan. Daly was not a party to the Smith Street contract, as he signed the contract as an officer or agent of Misan. Moreover, it was Misan, not Daly, that allegedly breached the Smith Street contract. Thus, Misan is clearly an indispensable party under Rule 19(b). See, e.g. World Touch Gaming, Inc. v. Massena Management, LLC, 117 F.Supp.2d 271 (N.D.N.Y. 2000) (finding that the action could not proceed without the defendants over whom the court lacked subject matter jurisdiction because the basis of the action was the agreements between the plaintiff and those defendants and it was those defendants that allegedly breached the agreements). Furthermore, since plaintiff expressly asserts independent fraud claims against Miniero and Daly, those defendants are also indispensable parties to this action. Accordingly, Misan and Miniero, the non-diverse defendants, as indispensable parties under Rule 19(b), cannot be dismissed from this action under Rule 21.

Since neither of the two (2) exceptions to the time-of-filing rule are available, this Court lacks subject matter jurisdiction *ab initio* over the complaint.


B.    Vacatur of Entry of Default and Default Judgment

Rule 55(c) of the Federal Rules of Civil Procedure allows a court to set aside: (1) a Clerk's

13

entry of default pursuant to Rule 55(a) "for good cause;" and (2) a default judgment under Rule 60(b). Rule 60(b)(4) permits a court "on motion and just terms" to set aside a judgment if "the judgment is void."

Since there is no subject matter jurisdiction over the complaint, the Clerk's entry of default against Daly, and the default judgment entered against Misan and Miniero, are void and must be vacated pursuant to Rules 55(c) and 60(b)(4). See United States v. Forma, 42 F.3d 759, 763 (2d Cir. 1994). "[A] challenge to subject matter jurisdiction cannot be waived and may be raised [either by motion or] *sua sponte* at any time." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 107-108 (2d Cir. 1997). Thus, the failure of any party to move to vacate the default judgment against Misan and Miniero under Rule 60(b) of the Federal Rules of Civil Procedure does not preclude vacatur of the default judgment against those defendants. To the contrary, it is the Court's duty to dismiss a complaint at any time when there is no basis for subject matter jurisdiction, regardless of whether a default has been entered. See, e.g. Greater New York Nursing Home Div. of 1199/SEIU Greater New York Benefit Fund v. Verrazano Staffing, Inc., No. 05-CV-4116, 2007 WL 1480777, at * 3 (E.D.N.Y. Mar. 28, 2007).

Accordingly, the branch of Daly's motion seeking to set aside the Clerk's entry of default against him is granted and the default entered against Daly is vacated as void pursuant to Rule 55(c). In addition, the default judgment against Misan and Miniero is *sua sponte* vacated as void pursuant to Rules 55(c) and 60(b). Since the Clerk's entry of default and default judgment have been vacated as void, for the reasons set forth above, the branch of Daly's motion seeking dismissal of the complaint pursuant to Rule 12(b)(1) is granted and the complaint is dismissed in its entirety

14

with prejudice for lack of subject matter jurisdiction.[7]

    4.    Supplemental Jurisdiction

Since this Court lacks subject matter jurisdiction *ab initio*, there is no basis upon which to exercise supplemental jurisdiction over plaintiff's state law claims. See 28 U.S.C. § 1367(c); see, e.g. Brzak v. United Nations, 597 F.3d 107, 113-114 (2d Cir. 2010); Cave v. East Meadow Union Free School Dist., 514 F.3d 240, 250 (2d Cir. 2008). To hold otherwise would significantly, and improperly, broaden this Court's subject matter jurisdiction since it would allow every plaintiff to commence an action in federal court seeking only state law claims, over which the Court lacks diversity jurisdiction, and then request that the Court exercise supplemental jurisdiction over those claims. Accordingly, plaintiff's request that this Court "retain" supplemental jurisdiction over its state law claims is denied.

Similarly, since this Court does not have subject matter jurisdiction *ab initio* and, thus, never had supplemental jurisdiction over plaintiff's claims, 28 U.S.C. § 1367(d), under which plaintiff seeks to toll the statute of limitations on its state law claims, is inapplicable. I otherwise express no opinion as to the timeliness of those state law claims or whether other tolling provisions under state law are available.

III.    Conclusion

For the reasons stated herein, the branch of Daly's motion seeking to set aside the Clerk's

---

[7] In light of this determination, it is unnecessary to consider Daly's remaining contentions.

entry of default against him is granted and the Clerk's entry of default against him is vacated as void pursuant to Rule 55(c); the default judgment entered against Misan and Miniero is *sua sponte* vacated as void pursuant to Rules 55(c) and 60(b)(4); and the branch of Daly's motion seeking dismissal of the complaint pursuant to Rules 12(b)(1) and 12(h)(3) is granted and the complaint is dismissed in its entirety with prejudice for lack of subject matter jurisdiction. The Clerk of the Court is directed to enter judgment in favor of defendants, to close this case and to serve notice of entry of this Order on all parties in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure.

SO ORDERED.

SANDRA J. FEUERSTEIN
United States District Judge

Dated: April 19, 2010
     Central Islip, N.Y.

16